Argued January 17, reversed and remanded for a new trial
February 8, 1977

STATE OF OREGON, *Respondent,*
*v.*
GARLAND SCOTT DILTS, SR., *Appellant.*
(No. 76-0883, CA 6633)
559 P2d 1326

Paul J. De Muniz, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

After a jury trial, defendant was convicted of rape in the first degree and attempted sodomy in the first degree. On appeal, defendant assigns as error the trial court's refusal to grant his request that a jury instruction on sexual abuse in the second degree be given.

Defendant argues that, under *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), the instruction should have been given because sexual abuse in the second degree is a lesser included offense within the statutory definitions of rape and sodomy. *Washington* held that a requested instruction on an offense must be given if the offense is necessarily included in the statutory definition of a crime charged or expressly included in a criminal offense as charged in the indictment.[1] 273 Or at 835.

In this case, sexual abuse in the second degree was not named as a charged offense. The sole issue, therefore, is whether the crime of sexual abuse in the second degree is necessarily included in the statutory definition of rape or sodomy. The essence of the crime of sexual abuse is nonconsensual sexual contact. *See* ORS 163.415. "Sexual contact" is defined as:

> "* * * [A]ny touching of the sexual or other intimate parts of a person not married to the actor * * * for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(7).

The state argues that under this provision one element of the crime of sexual abuse is the specific intent to arouse or gratify the sexual desire of one of the actors. The state argues further that such intent is not an element of the crimes of rape or sodomy, *see* ORS 163.375, 163.405, and therefore that sexual abuse is not *necessarily* included in the statutory definitions of the crimes charged. We disagree.

We note that the language in ORS 163.305(7)

---

[1] The one limitation is that there must be evidence—or an inference drawn from the evidence—which supports the requested instruction. *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975).

regarding arousing or gratifying sexual desire was only included so that an inadvertent touching would not constitute a crime. *See* Proposed Oregon Criminal Code 122, Commentary to §§ 115-16 (1970). The definition of sexual contact contained in ORS 163.305(7) obviously includes the advertent touching involved in a rape or sodomy. Perhaps for this reason it has been observed that under analogous provisions of the New York Revised Penal Law—from which the Oregon statutes in question were derived[2] —"* * * the crime of sexual abuse * * * is, in effect, merely a lesser-included offense [of rape and sodomy] for which the jury may convict if it is not satisfied with the proof offered as to the greater offense. * * *" Pitler, *"Existentialism" and Corroboration of Sex Crimes in New York; A New Attempt to Limit "If Someone Didn't See It, It Didn't Happen,"* 24 Syracuse L Rev 1, 27 (1973).

Since sexual contact is implicit in the crimes charged, it follows that the crime of sexual abuse is a lesser included offense of said crimes. Therefore, under *Washington,* it was error to deny the requested instructions.[3]

Reversed and remanded for new trial.

---

[2] *See,* e.g., Proposed Oregon Criminal Code 123, Commentary to §§ 115-16 (1970).

[3] The evidence in this case is such that it was within the realm of reason for a jury to find the defendant guilty of sexual abuse and not rape.