Argued and submitted January 24, affirmed July 5, reconsideration denied September 5, petition for review denied October 2, 1990 (310 Or 422)

# STATE OF OREGON,
*Respondent,*

*v.*

# DWAYNE EDWARD ABRAHAM,
*Appellant.*

(C88-04-31900; CA A49991)

794 P2d 809

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for rape in the first degree. ORS 163.375(1). He assigns as error the trial court's denial of his request to instruct the jury on second degree sexual abuse, ORS 163.415(1), a lesser included offense. We affirm.[1]

In February, 1988, defendant and Haley, the victim's boyfriend, phoned her and asked for cash to bail Haley out of jail. She agreed, and defendant went to her apartment to get the money. Haley was not actually in jail; he and defendant wanted the money to buy cocaine. The two called the victim again early the next morning and asked her to join them at a tavern. At about 5:30 a.m., she took a taxi to the tavern and met them. Haley asked her for more cash, which she gave to him. The three of them then tried to enter an alley through a locked gate in an attempt to go to another friend's apartment. Haley left, ostensibly to find a key to the gate, and did not return. Defendant then climbed over the gate and opened it from the other side. Defendant and the victim entered the alley but found that the friend's apartment was locked. Defendant then told her that he found her attractive, that Haley owed him some money and that he would forgive that debt if she would have sexual intercourse with him. Defendant testified that the victim agreed and that they then engaged in consensual sexual intercourse in the alley.

The victim testified that, after they entered the alley and found the apartment locked, defendant blocked her return to the street. She testified that defendant then said, "You belong to me for the next 45 minutes," because of a debt that Haley owed him. She said that she told him that that could be called rape. She was not willing to have sexual relations with defendant, but said that she did not fight him, because she was afraid for her life and thought resisting would endanger her. The victim testified that she did not see any weapons, and defendant did not expressly threaten to harm her if she refused to cooperate. She further testified that she was raped at about 6 a.m., that it was still dark and that she did not cry out for help because she did not want to worsen her situation by making defendant angry. She added that he appeared to be

---

[1] Defendant's other assignments are without merit.

high on drugs. Defendant is over 6 feet tall and weighs about 220 pounds. After the alleged rape, the two left the alley, and she went to a local convenience store, where she asked the clerk to call the police.

 A defendant is entitled to a lesser included offense instruction when the lesser crimes are necessarily included within the statutory definition of the greater crimes. A defendant must be able to show, however, that there is evidence from which a jury could find that he was guilty of the lesser crimes but not the greater crimes. *State v. Washington,* 273 Or 829, 836, 543 P2d 1058 (1975); *State v. Graves,* 73 Or App 172, 175, 697 P2d 1384 (1985). Defendant requested that the jury be instructed on sexual abuse in the second degree, ORS 163.415, a lesser included offense of rape, *State v. Dilts,* 28 Or App 393, 559 P2d 1326 (1977), that does not require intercourse, which is an element of rape. *See* ORS 163.375.

Defendant's counsel argued to the trial court that the jury could find that he did not have intercourse with the victim and, therefore, could find him guilty of sexual abuse in the second degree, not rape. The trial court denied the request, because defendant admitted to having sexual intercourse with the victim, although he claimed that it was consensual. The jury could not have found that there was no intercourse. Because defendant did not demonstrate to the trial court how the evidence would support a conviction for sexual abuse in the second degree but not for rape, the trial court did not err in refusing to instruct the jury on the lesser offense. *See State v. Washington, supra,* 273 Or at 836; *State v. Graves, supra,* 73 Or App at 175.[2]

Affirmed.

---

[2] Defendant has argued a different theory on appeal. He claims that, to find rape, the jury was required to find that the victim earnestly resisted defendant and that, from the evidence, the jury could have concluded that she did not resist, in which case it could have found him guilty of the lesser included offense of sexual abuse but not the greater offense of rape. Even assuming that defendant is correct, he did not present that theory to the trial court and, therefore, did not meet his burden of demonstrating to the trial court that he was entitled to the lesser included offense instruction.