Submitted on record and briefs April 25, 2000, affirmed February 21, 2001

# STATE OF OREGON,
### *Respondent,*

### *v.*

# JEFFRY ALAN SPRING,
### *Appellant.*

### (CF960667; CA A102831)

21 P3d 657

David E. Groom, Public Defender, and Kimi Nam, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

After a jury trial, defendant was convicted of rape in the second degree (count 1), ORS 163.365, sexual abuse in the first degree (count 2), ORS 163.427, rape in the third degree (count 3), ORS 163.355, and sexual abuse in the third degree (count 4), ORS 163.415. On appeal, defendant assigns error to the trial court's failure to merge his conviction on count 2 into count 1 and his conviction on count 4 into count 3.[1] We review for errors of law, ORS 138.222(4)(a), and affirm.

The facts are not disputed. In February 1996, when defendant was 26 years old and victim was 13 years old, defendant had sexual intercourse with victim. (Count 1, Rape II.) Defendant also touched victim's breast. (Count 2, Sexual Abuse I.) In April 1996, when defendant was still 26 years old, but victim was now 14 years old, defendant engaged in sexual intercourse with victim again. (Count 3, Rape III.) Also during that encounter, defendant touched victim's buttocks. (Count 4, Sexual Abuse III.)

On appeal, the issue is whether defendant's sexual abuse convictions (counts 2 and 4)[2] should have been

---

[1] Defendant also assigns error to the trial court's rejection of his facial constitutional challenge to Measure 11. We need not address that assignment of error because ORS 137.700, the codification of Measure 11, was held to be constitutional in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* 522 US 994 (1997).

[2] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

ORS 163.415 provides, in part:

"(1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:

"* * * * *

"(b) The victim is incapable of consent by reason of being under 18 years of age."

merged into his rape convictions (counts 1 and 3).[3] ORS 161.067(1).[4]

At the outset, we note that, in *State v. Dilts*, 28 Or App 393, 559 P2d 1326 (1977), we held that sexual abuse was a lesser included offense of rape because "sexual contact is implicit in" rape. *Id.* at 396. Thus, we found that the trial court erred in refusing to grant the defendant's request to give a jury instruction on sexual abuse as a lesser included offense of the defendant's charged offenses of rape and sodomy. We conclude that our holding in *Dilts* is no longer controlling because the anti-merger statute at issue here, ORS 161.067, was enacted after *Dilts* was decided[5] and changed the analysis for determining whether criminal offenses merge. Although the issue in *Dilts* arose in the context of a jury instruction, whereas the issue here arises in the context of merger, the issue is essentially the same—*i.e.*, whether sexual abuse is a lesser included offense of rape.

A leading case on the issue of merger before the enactment of ORS 161.067 was *State v. Cloutier*, 286 Or 579, 596 P2d 1278 (1979). There, the Supreme Court stated that merger is a term "which can easily become a name for a conclusion rather than a reason, is best reserved for the narrow situation when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." *Id.* at 586. In determining whether a defendant's convictions merged, the court expressly announced three sources of authority giving it the power to merge a single offender's multiple convictions:

"[F]irst, in such legislative directives as do exist; second, in the intentions and policies that may plausibly be attributed

---

[3] ORS 163.365(1) provides that "[a] person who has sexual intercourse with another person commits the crime of rape in the second degree if the other person is under 14 years of age." ORS 163.355(1) provides that "[a] person commits the crime of rape in the third degree if the person has sexual intercourse with another person under 16 years of age."

[4] ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

[5] Or Laws 1987, ch 2, § 13.

to the legislature in the light of legislative history, of the overall statutory framework, and of constitutional principles; * * * and finally in the state and federal double jeopardy clauses and other applicable constitutional limitations." *Id.* at 585.

When the legislature's intent could not be discerned, the courts "speculate[d] whether the legislature would have expected an offender to be sentenced for more than the most serious felony." *State v. Crotsley*, 308 Or 272, 276, 779 P2d 600 (1989). At the time *Cloutier* was decided, the Oregon statutes did "not contain a specific provision governing conviction and sentence on multiple charges[.]" 286 Or at 592. That being the case, the *Cloutier* majority discussed other provisions of the Oregon code in an attempt to ascertain an overarching penal policy intended by the legislature. The majority also referred to the law of other jurisdictions.

Ten years later, the Supreme Court again addressed the issue of merger, but rather than attempting to ascertain the legislature's intent from other statutory provisions, it had a statute directly on point—ORS 161.067. *Crotsley*, 308 Or 272.[6] The court interpreted ORS 161.067 and stated:

"The proponents of ORS 161.[067] clearly intended that criminal records accurately reflect all crimes actually committed and that a person who commits multiple crimes by the same conduct or during the same criminal episode should have a criminal record reflecting each crime committed rather than only a single conviction which would not accurately portray the nature and extent of that person's conduct.

"*The legislative history and text of ORS 161.[067] could not be more clear in rejecting earlier case law requiring consolidation of multiple convictions and sentences arising from the same criminal episode.* For that reason, defendant's reliance on cases decided *prior to the enactment of ORS 161.[067] in [1987] is misplaced.* In those cases,

---

[6] *Crotsley* was actually decided under *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1. However, "ORS 161.062 and ORS 161.067 [were each] drafted in 1985, and they 'began as identically worded proposals.' " *State v. Wright*, 150 Or App 159, 161 n 2, 945 P2d 1083 (1997), *rev den* 326 Or 390 (1998), *citing Crotsley*, 308 Or at 276 n 3. For purposes of this appeal, the relevant text of the two statutes is identical, and, thus, we impute *Crotsley's* analysis here. For ease of reference, we will refer only to ORS 161.067(1).

absence of clear statutory guidance required us to fashion rules that were more properly the subject of legislation, and statutory ambiguities were construed in favor of criminal defendants. *The legislature has now unambiguously embraced the policy advocated by the proponents of ORS 161.[067].* Therefore, *to the extent that our case law is inconsistent with ORS 161.[067], that statute controls and earlier case law is superseded." Id.* at 276-78 (emphasis added; footnotes omitted).

In light of the enactment of ORS 161.067 and *Crotsley's* explicit abandonment of case law that is inconsistent with the statute's mandate, we hold that *Dilts* is no longer controlling on the issue before us because it was superseded by the enactment of ORS 161.067.

■        Therefore, we conclude that ORS 161.067 provides the proper analysis to determine whether defendant's sexual abuse convictions should merge with his rape convictions. In *Crotsley*, the Supreme Court stated that for ORS 161.067(1) to prevent the merger of convictions, the following three questions must all be answered in the affirmative:

"(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.' " 308 Or at 278.

Because we find the answer to all three questions is yes, ORS 161.067 requires that the convictions do not merge.

The first statutory question is met because counts 1 and 2 were committed during a single criminal episode in February 1996, and counts 3 and 4 were committed during a single criminal episode in April 1996.

The second statutory question is also met because defendant's acts violated two or more statutory provisions. In February 1996, defendant violated ORS 163.365, rape in the second degree (count 1), when he had sexual intercourse with the victim when she was 13 years old. Defendant also violated ORS 163.427, sexual abuse in the first degree (count 2), when, during that same encounter, he touched the victim's breast when she was less than 14 years old. In April 1996, defendant violated ORS 163.355, rape in the third degree

(count 3), when he had sexual intercourse with the victim when she was 14 years old. Defendant also violated ORS 163.415, sexual abuse in the third degree (count 4), when, during that same encounter, he touched the victim's buttocks when she less than 18 years old.

■ ■ Under the third statutory question, "[i]n deciding whether the statutes contain different elements, we look only at the statutory elements of each offense." *State v. Reiland*, 153 Or App 601, 604, 958 P2d 900 (1998). The offenses of second- and third-degree rape, ORS 163.365 and ORS 163.355, are defined as having *sexual intercourse* with another person under a certain age. "Sexual intercourse" is defined as having "its ordinary meaning and occurs upon any penetration, however slight[.]" ORS 163.305(7). The offenses of first- and third-degree sexual abuse, ORS 163.427 and ORS 163.415, on the other hand, are defined as having *sexual contact* with another person under a certain age. "Sexual contact" is defined by ORS 163.305(6) to mean "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

Defendant argues that sexual intercourse with an individual under a certain age and subjecting another person under a certain age to sexual contact do not require proof of different elements. We disagree. Rape requires sexual intercourse, whereas sexual abuse does not. Conversely, sexual abuse requires sexual contact, which requires touching the sexual or other intimate parts of another person *for the purpose of arousing or gratifying the sexual desire* of either party, whereas rape does not. Our statements in *Dilts* to the contrary are not correct under the current statutes. In sum, because each statutory provision requires proof of an element that the other does not, the convictions do not merge.

ORS 161.067(1) requires that defendant's sexual abuse convictions do not merge into his rape convictions because all three statutory questions are answered in the affirmative.

Affirmed.