[No. F036866. Fifth Dist. Oct. 30, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM LEO FOX, Defendant and Appellant.

**COUNSEL**

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**VARTABEDIAN, Acting P. J.**—Under the "Three Strikes" law, a defendant is subject to increased punishment for his current offense if he has previously been convicted of specified offenses. (Pen. Code, §§ 667. subds. (b)-(i), 1170.12.)[1] Defendant, William Leo Fox, appeals claiming his Oregon conviction for second degree rape, which is defined as sexual intercourse with a minor under the age of 14, does not constitute a strike under California law.

Section 1192.7, subdivision (c)(6) includes within its definitions of serious felonies (strikes) any "lewd or lascivious act on a child under the age of 14 years." The California Supreme Court in *People v. Murphy* (2001) 25 Cal.4th 136 [105 Cal.Rptr.2d 387, 19 P.3d 1129], recently held that, in order for a conviction to satisfy the requirements of a serious felony contained in section 1192.7, subdivision (c)(6), the prior conviction need only be a lewd and lascivious act on a child and need not contain the specific sexual intent element contained in section 288. We conclude that although defendant's prior conviction from Oregon does not contain a specific sexual intent, it is a lewd and lascivious act within the meaning of section 1192.7, subdivision (c)(6). We affirm.

*Discussion*

■ Section 667, subdivision (d)(2) sets forth what prior convictions will be considered to be strikes. The list includes "[a] conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." "Under section 1192.7 (c)(6), a 'lewd or lascivious act on a child under the age of 14 years' is a 'serious' felony." (*People v. Murphy, supra*, 25 Cal.4th at p. 141.) Section 1192.7, subdivision (c)(6) does not reference any particular Penal Code section. Under section 667.5, subdivision (c)(6), a violent felony includes "[l]ewd acts on a child under the age of 14 years as defined in Section 288."

Section 288, subdivision (a) proscribes the following conduct: "Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, *with the intent of arousing, appealing to, or*

---

[1] All future code references are to the Penal Code unless otherwise noted.

*gratifying the lust, passions, or sexual desires of that person or the child,* is guilty of a felony. . . ." Thus to violate section 288 a defendant must not only commit a lewd and lascivious act but he must do so with the requisite specific intent.

Pursuant to a plea agreement defendant pled nolo contendere to attempted first degree burglary. He also admitted a prior serious felony conviction within the meaning of the Three Strikes law and a prior prison term allegation. Under the plea agreement, defendant reserved the right to challenge whether his Oregon prior felony conviction for second degree rape (Or. Rev. Stats. § 163.365) constituted a prior serious felony conviction (strike).

In deciding whether defendant's prior rape conviction was a strike, the trial court reviewed the Oregon case of *State v. Dilts* (1977) 28 Or.App. 393 [559 P.2d 1326]. In *Dilts*, the court found that second degree rape implicitly includes a specific sexual intent. The trial court here found that based on the holding of the *Dilts* case the Oregon crime of second degree rape includes the requisite sexual intent and therefore includes all the elements of lewd conduct under section 288, subdivision (a). Therefore the trial court found defendant's prior conviction was a strike under California law.

After the defendant was sentenced and prior to this appeal, the Oregon Court of Appeals in *State v. Spring* (2001) 172 Or.App. 508 [21 P.3d 657, 659] ruled that second degree rape does not require that the touching be for the purpose of arousing or gratifying the sexual desire of either party. Thus, as recognized in *Spring*, the holding in *Dilts* that second degree rape required sexual intent has been superseded by statute. (*Spring, supra*, at p. 514.)

Defendant claims on appeal that pursuant to *Spring* his prior Oregon conviction did not require proof of the specific intent contained in section 288, subdivision (a) and therefore is not a serious felony under section 1192.7, subdivision (c)(6).

Respondent submits that to meet the serious felony requirements of section 1192.7, subdivision (c)(6), the specific intent element of section 288 need not be present. All that is required is that the prior conviction involved a lewd or lascivious act with a child under the age of 14 years. Respondent contends that an act of sexual intercourse with a child under 14 years of age necessarily constitutes a lewd or lascivious act on a child under 14 years of age within the meaning of section 1192.7, subdivision (c)(6).

Three days after defendant's opening brief was filed, the California Supreme Court filed the case of *People v. Murphy, supra*, 25 Cal.4th 136. In

*Murphy*, the defendant claimed that his prior conviction for oral copulation with a child under the age of 14 years, in violation of section 288a, subdivision (c), is a general intent crime that does not include the specific intent requirements of section 288, subdivision (a). He argued that "the language of section 1192.7 (c)(6)—'lewd or lascivious act on a child under the age of 14 years'—is an 'obvious reference . . . to a violation of section 288, subdivision (a)' " (*People v. Murphy, supra*, at pp. 141-142.) The California Supreme Court disagreed and found that the omission of a reference to section 288 in section 1192.7, subdivision (c)(6) broadened the number and type of acts that fell within the purview of that section beyond those included within the scope of section 288. Section 1192.7, subdivision (c)(6) omitted the requirement contained in section 288, subdivision (a) that the perpetrator acted " 'with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child. . . .' " (*People v. Murphy, supra*, 25 Cal.4th at p. 144.)[2]

The *Murphy* court explained the purpose of section 288 by distinguishing those acts which are inherently lewd and lascivious in the moral sense, from acts which are not inherently lewd and lascivious but can be punished under section 288. While some touchings of children are always harmful and improper, the intent requirement contained in section 288 is necessary to reach touchings that can be innocent or sexual, depending on the actor's motivation. "[A]lthough 'children are routinely cuddled, disrobed, stroked, examined, and groomed as part of a normal and healthy upbringing,' these 'intimate acts may also be undertaken for the purpose of sexual arousal.' " (*People v. Murphy, supra*, 25 Cal.4th at p. 146.) In contrast, sodomy of a child under the age of 14 is clearly lewd and lascivious in the moral sense and in the common and ordinary meaning of those words, yet the intent that accompanies the act might not be sexual, it could, for example, be sadistic. Thus while sodomy with a child under the age of 14 is not necessarily included under section 288, it remains a serious offense deserving of harsher punishment. A lewd and lascivious act, as that term is utilized in section 1192.7, subdivision (c)(6) could not possibly have been intended to exclude the family of sexual acts which by their very nature are always harmful, always improper, and always lewd regardless of the perpetrator's intent. (*People v. Murphy, supra*, 25 Cal.4th at pp. 146-149.)

In addition to discussing that sodomy with a child under the age of 14 is a lewd and lascivious act within the meaning of section 1192.7, subdivision

---

[2]The California Supreme Court has squarely rejected the argument that section 1192.7 consists only of specific statutory offenses and enhancements and has found that the provisions refer broadly to the criminal conduct described therein. (*People v. Equarte* (1986) 42 Cal.3d 456, 463-464 [229 Cal.Rptr. 116, 722 P.2d 890].)

(c)(6), the *Murphy* court concluded that oral copulation with a child under the age of 14 is unquestionably a lewd act regardless of the intent involved. (*People v. Murphy, supra*, 25 Cal.4th at pp. 148-149.) Although the court in *Murphy* did not discuss whether sexual intercourse with a child under the age of 14 is a lewd and lascivious act, we cannot help but conclude that it falls within the same family of offenses that, when committed against a child under the age of 14, are always harmful, always improper, and always lewd regardless of the perpetrator's intent. Because defendant's prior conviction is a lewd and lascivious act regardless of intent, it meets the criteria for a serious felony contained in section 1192.7, subdivision (c)(6).

Although the trial court erroneously based its finding that defendant's prior Oregon conviction was a strike on the theory that the prior met all the elements contained in section 288, the trial court's ultimate ruling was correct.  ▇ " ' " '[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' " ' " (*People v. Smithey* (1999) 20 Cal.4th 936, 972 [86 Cal.Rptr.2d 243, 978 P.2d 1171].)

### Disposition

The judgment is affirmed.

Cornell, J., and Polley, J.,* concurred.

---

*Judge of the Tuolumne Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.