790       October 30, 2024       No. 785

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MODESTO LUIS-HERNANDEZ,
Defendant-Appellant.

Marion County Circuit Court
21CR35463; A180282

Tracy A. Prall, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of first-degree rape, ORS 163.375 (Count 1), one count of second-degree assault, ORS 163.175 (Count 2), one count of strangulation, ORS 163.187(4) (Count 3), and one count of fourth-degree assault, ORS 163.160(2) (Count 5). Defendant assigns error to the trial court's denial of his motion for judgment of acquittal as to Count 1, arguing that the state adduced neither sufficient evidence of forcible compulsion nor sufficient evidence that defendant knowingly subjected the victim to forcible compulsion. We reject defendant's arguments and affirm the judgment of the trial court.

In reviewing the denial of a motion for judgment of acquittal, we examine "the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element[s] of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995).

Consistent with that standard, we recite just some of the significant evidence. At trial, the victim testified that she and defendant had been married for 30 years and that the relationship was verbally and physically abusive. When asked about a specific incident of sexual violence, she recounted, "He would grab me from an arm. And with his other leg, he would open my, he would use the force of his leg to open my leg ***." She further testified, "He used his strength. *** He would make me be with him even if I didn't want to. And that of course it hurt."

Under ORS 163.375(1)(a), a "person who has sexual intercourse with another person commits the crime of rape in the first degree if the victim is subjected to forcible compulsion by the person." To constitute forcible compulsion, the physical force used by the defendant "must be greater than or qualitatively different from the simple movement and contact that is inherent in the action of touching an intimate part of another." *State v. Marshall*, 350 Or 208, 221, 253 P3d 1017 (2011). "The physical force must be sufficient

to 'compel' the victim, against the victim's will, to submit to or engage in the sexual contact, but it need not rise to the level of violence." *Id.* at 225. In determining whether the physical force used by the defendant was sufficient, the trier of fact may consider various factors including "the differences in age, size, and strength between the victim and the defendant" and "the relationship between the victim and the defendant." *Id.* at 226.

Defendant argues that his act of moving the victim's legs apart was not forcible compulsion, but merely "a natural part of the positioning himself for sex." Alternatively, defendant contends that the state failed to establish that he knowingly forced the victim to have sexual intercourse. We disagree. The victim's testimony that defendant grabbed her arm and forcibly opened her legs was sufficient evidence for a reasonable trier of fact to find that defendant subjected her to forcible compulsion. *See, e.g.*, *State v. O'Hara*, 251 Or App 244, 250-51, 283 P3d 396 (2012), *rev den*, 353 Or 209, *abrogated on other grounds by State v. Vanornum*, 354 Or 614, 317 P3d 889 (2013) (concluding that the evidence was sufficient to support a finding that the defendant acted with forcible compulsion when the defendant pushed the victim onto the bed and held her arms above her head); *State v. Nygaard*, 303 Or App 793, 800, 466 P3d 692, *rev den*, 367 Or 115 (2020) (The "defendant here used forcible compulsion when he manipulated the victim's legs so he could contact her vagina."). The additional contextual evidence of past abusive contact by defendant toward the same victim further supports that the physical force exerted by defendant in the charged incident of rape was sufficient to cause the victim to submit to sexual intercourse against her will. Moreover, a rational trier of fact could reasonably find that defendant was aware that he was using physical force to compel the victim to have sexual intercourse with him.

We therefore conclude that, viewed in the light most favorable to the state, there was sufficient evidence for the trial court to deny the motion for judgment of acquittal on Count 1, first-degree rape.

Affirmed.