## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TRACY FRANKLIN LEDFORD,
aka Tracy F. Morgan,
*Defendant-Appellant.*

Deschutes County Circuit Court
09FE1028MS; A145771

287 P3d 1278

Ericka Herb, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Haselton, Chief Judge, and Sercombe, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment convicting him of first-degree rape, ORS 163.375, first-degree sexual abuse, ORS 163.427, second-degree sexual abuse, ORS 163.425, and fourth-degree assault, ORS 163.160. In his first and second assignments of error, defendant contends that, in light of this court's decision in *State v. Nelson*, 241 Or App 681, 251 P3d 240 (2011), *rev allowed*, 351 Or 678 (2012), the trial court committed plain error in instructing the jury regarding the elements of first-degree rape and first-degree sexual abuse because the court failed to instruct the jury that the state was required to prove that defendant knowingly subjected the victim to forcible compulsion. In view of the requirements of ORCP 59 H, those assignments of error are not reviewable. *See State v. O'Hara*, 251 Or App 244, 253-54, 283 P3d 396 (2012) (an assertion that the trial court plainly erred in failing to instruct the jury that the state was required to prove that the defendant knowingly subjected the victim to forcible compulsion necessarily challenged the propriety of the instructions given).

In his third assignment of error, defendant contends that the trial court plainly erred in failing to merge the guilty verdicts on the first-degree rape and second-degree sexual abuse charges into a single conviction for first-degree rape. *See* ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court has discretion to review unpreserved error of law apparent on the face of the record). The state concedes that the trial court so erred. We agree, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error in this case. *See State v. Comacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors[.]").

Reversed and remanded with instruction to merge guilty verdicts for first-degree rape and second-degree sexual abuse into a single conviction for first-degree rape; remanded for resentencing; otherwise affirmed.