## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT LEE STEWARD,
*Defendant-Appellant.*

Jefferson County Circuit Court
11FE0087; A149871

317 P3d 962

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Robert Steward filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for rape in the first degree (Count 1), assault in the fourth degree (Count 3), sexual abuse in the second degree (Count 6), and assault in the third degree (Count 7).[1] In his first assignment of error, defendant contends that the trial court erred in failing to merge the guilty verdicts on the first-degree rape and second-degree sexual abuse charges (Counts 1 and 6) into a single conviction for first-degree rape. The state concedes the error. We agree and accept the state's concession. *See, e.g., State v. Ledford*, 252 Or App 572, 287 P3d 1278 (2012), *rev den*, 353 Or 209 (2013).

In his second assignment of error, defendant asserts that the trial court erred in imposing a 100-month Measure 11 sentence on his conviction for first-degree rape, arguing that the sentence is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. Given that the case must be remanded for resentencing as a result of our disposition of defendant's first assignment of error, *see* ORS 138.222(5)(b), we do not reach that assignment of error. Finally, we reject without discussion defendant's *pro se* supplemental assignment of error, in which he contends that the trial court plainly erred in admitting a physician's testimony regarding the treatment administered to the victim, which, according to defendant, implied that a diagnosis of sexual abuse had been made.

Reversed and remanded with instruction to merge guilty verdicts for first-degree rape and second-degree sexual abuse into a single conviction for first-degree rape; remanded for resentencing; otherwise affirmed.

---

[1] The court found defendant not guilty on Count 2 (coercion); Counts 4 and 5 (fourth-degree assault) were dismissed on the state's motion.