Submitted February 11, affirmed March 18, petition for review denied August 27, 2020 (366 Or 827)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMES CALVIN DOLLMAN,
*Defendant-Appellant.*

Lane County Circuit Court
18CR02281; A167916

463 P3d 607

R. Curtis Conover, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, raising two assignments of error. We affirm.

Defendant's first assignment of error challenges the denial of his motion to suppress. Under *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), however, the trial court was correct to deny the motion.

Defendant's second assignment of error asserts that the trial court erred in denying his motion for judgment of acquittal on the state's *per se* theory of DUII under ORS 813.010(1)(a). That provision states that a person is guilty of DUII if the person "[h]as 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150." ORS 813.010(1)(a). Defendant acknowledges that a test of his blood alcohol content (BAC) around 90 minutes after he had been driving showed that his BAC was 0.16 percent, but contends that, absent retrograde extrapolation or other scientific evidence, there was insufficient evidence to permit a jury to infer that his BAC was 0.08 percent at the time he was driving. Although defendant acknowledges that the record contained evidence that defendant was impaired, defendant contends that the evidence is not relevant to the determination of whether he had a particular BAC and, thus, cannot be used to support a finding that his BAC was at 0.08 percent or above while he was driving. Defendant does not contend that, if that evidence can be considered, then the record, as a whole, is insufficient to support a finding that defendant's BAC was 0.08 percent or above at the time he drove.

The state responds that, under the Supreme Court's decision in *State v. Hedgpeth*, 365 Or 724, 452 P3d 948 (2019), evidence of symptoms of impairment at the time of a DUII stop is relevant to the question of whether the person had a 0.08 BAC. Specifically, the state notes that the court explained that "such evidence is relevant even to prove a *per se* violation of ORS 813.010 because it can be used by the factfinder as the '[s]omething more' that 'is necessary to connect the [test] result to the statutory requirement of a

BAC of .08 percent or more at the time of driving.'" *Id*. at 735 n 6 (quoting *State v. Eumana-Moranchel*, 352 Or 1, 9-10, 277 P3d 549 (2012) (first brackets in original)). That, according to the state, means that we must reject defendant's argument that that type of evidence is not relevant to a *per se* DUII under ORS 813.010(1)(a).

Defendant contends that we should view the portion of *Hedgpeth* on which the state relies as *dictum* that does not state a binding principle of law.

We reject that contention. We understand the court's statement to be, at a minimum, a clarification of its previous holding in *Eumana-Moranchel* regarding the type of evidence, in addition to a chemical test, that can be used to support an inference of BAC at the time of driving and, as such, binding on us. For that reason, we reject the second assignment of error.

Affirmed.