Submitted August 7; $2,000 mandatory fine on DUII conviction reversed, remanded for resentencing, otherwise affirmed October 14, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD RAY CARTER,
*Defendant-Appellant.*

Crook County Circuit Court
19CR00154; A170672

475 P3d 127

Michael J. Gillespie, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

$2,000 mandatory fine on DUII conviction reversed; remanded for resentencing; otherwise affirmed.

## PER CURIAM

In this criminal appeal, defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.011, which was his third DUII conviction. The trial court imposed, in addition to a sentence of 90 days of jail as a condition of probation, a $2,000 fine under the belief that the fine was mandatory. Defendant asserts that that belief was mistaken. That is, under ORS 813.010(6)(c), for a person's third or subsequent conviction, in addition to any other sentence the trial court may impose, the court must impose a $2,000 minimum fine "if the person is not sentenced to a term of imprisonment." Because his jail sentence was a term of imprisonment, defendant argues, it was error for the court to impose the mandatory DUII fine. *See State v. Frier*, 264 Or App 541, 548, 333 P3d 1093 (2014) (concluding that a jail sentence as a condition of probation was a sentence of imprisonment and, therefore, the trial court was not required to impose a $2,000 fine).

Defendant did not object to the court's imposition of the fine in open court but asks on appeal that we correct it as plain error. ORAP 5.45(1). The state concedes that imposing the fine as a mandatory fine was plain error. We agree and accept the state's concession that the error was plain. We also conclude that it is appropriate to exercise our discretion to correct the error for the reasons expressed in *State v. Larson*, 289 Or App 60, 62, 408 P3d 273 (2017) (exercising our discretion to correct the plain error of imposing $2,000 in fines considering the gravity of the error and the ends of justice). We therefore reverse the portion of the judgment imposing a $2,000 mandatory fine and remand for resentencing.

$2,000 mandatory fine on DUII conviction reversed; remanded for resentencing; otherwise affirmed.