Submitted May 28, 2020, affirmed June 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GABRIEL WAYNE REDICK,
*Defendant-Appellant.*

Linn County Circuit Court
16CR56896; A169539

491 P3d 87

DeAnn L. Novotny, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from an amended judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, arguing that the trial court erroneously terminated diversion and entered judgment pursuant to his guilty plea.[1] Defendant pleaded guilty to DUII and entered diversion, as described by ORS 813.200 to 813.270. He later admitted violating the terms of the diversion agreement, and the trial court terminated diversion and entered an amended judgment of conviction in accordance with ORS 813.255. On appeal, defendant contends that the trial court erred in terminating diversion and in entering a judgment based on his plea. We affirm.

As an initial matter, for the reasons stated in *State v. Merrill*, 311 Or App 487, 492 P3d 722 (2021), we reject the bulk of defendant's arguments and conclude that ORS 138.105(5) bars appellate review. Defendant also argues that, if ORS 138.105(5) precludes appellate review, it violates his rights to due process under the Fourteenth Amendment to the United States Constitution. We disagree. In acknowledging that due process does not require criminal appeals, defendant appears to argue that the limited scope of review in ORS 138.105(5) violates due process. None of the cases defendant relies upon, however, hold that a state statute limiting the scope of a criminal appeal for a defendant that pleaded guilty or no contest violates due process.

For instance, *Honda Motor Co., LTD. v. Oberg*, 512 US 415, 114 S Ct 2331, 129 L Ed 2d 336 (1994), which involved a state constitutional provision that completely deprived a party subject to punitive damages any judicial review of that award, is readily distinguishable. ORS 138.105(5) does not completely bar judicial review; rather, it limits solely appellate review of the validity of a defendant's plea of guilty or no contest, and any resulting convictions, with two exceptions. *See* ORS 138.105(5)(a), (b) (allowing review of pretrial motions after a conditional plea and allowing review of merger determinations). It does not bar trial court review in the first instance. Defendant's reliance on *Class v. United*

---

[1] Defendant also was convicted of reckless driving, ORS 811.140, based on a guilty plea, but he does not challenge that conviction.

*States*, 583 US \_\_\_, 138 S Ct 798, 200 L Ed 2d 37 (2018), is similarly unavailing. Although *Class* holds that a defendant may challenge the constitutionality of the statute of conviction, *Id.* at \_\_\_, 138 S Ct at 807, the Court also explained that a valid plea waives certain challenges arising from that plea. *Id.* at \_\_\_, 138 S Ct at 805-07. Importantly, the Court distinguished the government's reliance on a federal rule of criminal procedure that governed conditional pleas, explaining that the rule itself "does not say whether it sets forth the exclusive procedure" for preserving a constitutional claim. *Id.* at \_\_\_, 138 S Ct at 806 (emphasis omitted). The text of ORS 138.105(5) is exclusive when it provides that an "appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest except" for the exceptions outlined above. In short, ORS 138.105(5) precludes appellate review of defendant's contention that his conviction based on his guilty plea should be reversed due to alleged errors in terminating diversion.

Affirmed.