Submitted May 28, 2020; judgment in Case No. 17CR25625 reversed, judgment in Case No. 14CR01398 affirmed October 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL VICTOR CORDERO,
*Defendant-Appellant.*

Columbia County Circuit Court
17CR25625, 14CR01398;
A169558 (Control), A169559

496 P3d 1076

Jenefer Stenzel Grant, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Judgment in Case No. 17CR25625 reversed; judgment in Case No. 14CR01398 affirmed.

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals from two judgments: (1) a conviction for violating a stalking protective order (SPO) in Case No. 17CR25625; and (2) the revocation of his deferred sentencing agreement for violating the same SPO and a subsequent entry of a judgment of conviction in Case No. 14CR01398. For the reasons explained below, we reverse the former judgment and affirm the latter judgment.

In his first assignment of error, defendant asserts that the trial court erred when it denied his motion for judgment of acquittal in Case No. 17CR25625, arguing that the state failed to introduce sufficient evidence to prove that defendant's contacts "created reasonable apprehension regarding the personal safety of a person protected by the order," ORS 163.750(1)(c), a required element of the offense where the contact is "[s]ending or making written or electronic communications in any form to the other person," ORS 163.730(3)(d). The state now concedes that the evidence was insufficient to prove that the contacted person's fear for personal safety was objectively reasonable. We accept the state's concession and reverse the conviction.

We decline to review defendant's second assignment of error in which he argues that the trial court erred when it revoked his deferred sentencing agreement in Case No. 14CR01398. In that case, defendant pleaded no contest to violating an SPO. As we recently explained in *State v. Merrill*, 311 Or App 487, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App 460, 495 P3d 219 (2021), ORS 138.105(5) bars appellate review of challenges that seek to invalidate convictions based on pleas of guilty or no contest, except in limited circumstances not present in this case. *See* ORS 138.105(5)(a), (b) (allowing review of pretrial motions after a conditional plea and allowing review of merger determinations); *see also State v. Redick*, 312 Or App 260, 491 P3d 87 (2021) (following *Merrill* and rejecting the defendant's due process arguments). Accordingly, because the legislature has precluded appellate review of defendant's challenges in his second assignment of error, we affirm defendant's conviction in Case No. 14CR01398.

Judgment in Case No. 17CR25625 reversed; judgment in Case No. 14CR01398 affirmed.