Submitted May 21; remanded for resentencing, otherwise affirmed
December 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNIE WILLIAM HESTER,
*Defendant-Appellant.*

Washington County Circuit Court
17CR68240; A171196

501 P3d 75

Ricardo J. Menchaca, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant pleaded guilty to fourth-degree assault constituting domestic violence, ORS 163.160 (Count 1), and entered into a deferred-sentencing program agreement. Upon determining that defendant had violated some of the terms of the agreement, the trial court revoked defendant's deferred sentence and entered a judgment of conviction for fourth-degree assault. Defendant, on appeal, first assigns error to that revocation, arguing that the trial court impermissibly relied on hearsay evidence. Defendant, in his second and third assignments of error, argues that the trial court impermissibly imposed two special conditions of probation: "Disclose any potential intimate relationships (prior to intimacy) to [defendant's] supervising officer" and "Submit to search of person, residence, vehicle and property including consent to search computer and telephonic devices." Both conditions appeared in the judgment without having been announced in defendant's presence.

When defendant's appeal was submitted, it appeared that defendant's two-year probation period had ended. We therefore asked the parties to notify us whether defendant's probation term had, in fact, ended and whether the second and third assignments of error were moot. Defendant's counsel responded that defendant's probation term had ended but that an outstanding bench warrant meant that the trial court retained authority to find him in violation of his probation, which would therefore permit the court to extend defendant's probation term. Consequently, defendant asserts that his second and third assignments of error are not moot. The state concedes that those assignments are not moot but moves to dismiss defendant's appeal under ORAP 8.05(3), which allows us to dismiss an appeal if we determine that the appellant is on escape or abscond status at the time we review the motion to dismiss. Because the record does not permit a requisite inference that defendant is personally aware of the outstanding bench warrant, the state has not demonstrated that defendant has a conscious intent to evade or avoid legal process. *See State v. Ford*, 205 Or App 506, 513, 134 P3d 959 (2006) ("[T]he mere existence of an unserved warrant does not establish that a person has

absconded.").  Consequently,  we  deny  the  state's  motion  to
dismiss.

With  that  said,  as  to  the  second  and  third  assign-
ments of error, the state concedes that the trial court erred.
But the concession concerns the failure of the trial court to
orally  impose  the  conditions  in  open  court  in  defendant's
presence,  and  the  state  does  not  concede  defendant's  sub-
stantive arguments. The state asserts that the proper rem-
edy is to remand for resentencing. *See State v. Keen*, 304 Or
App 89, 90, 466 P3d 95 (2020). We accept the state's conces-
sion and remand for resentencing.

As to defendant's first assignment of error, that chal-
lenge is unreviewable. *See State v. Merrill*, 311 Or App 487,
494, 492 P3d 722, *adh'd to as modified on recons*, 314 Or App
460,  495  P3d  219  (2021)  (holding  that  ORS  138.105(5),  with
some  exceptions,  bars  appellate  review  of  challenges  that
seek to invalidate convictions based on guilty pleas); *State v.
Redick*, 312 Or App 260, 491 P3d 87 (2021) (following *Merrill*
and rejecting the defendant's due process arguments).

Remanded for resentencing; otherwise affirmed.