***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 9, remanded for resentencing, otherwise affirmed June 7, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LESLIE JAMES SMITH,
*Defendant-Appellant.*

Coos County Circuit Court
21CR11621; A176873

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment convicting him of one count of driving under the influence of intoxicants (DUII), ORS 813.010 (2019), and he raises two assignments of error. In the first, he argues that the trial court erred when it denied his motion for a judgment of acquittal (MJOA) as to DUII. In the second, he argues that the trial court erred when it imposed a special condition of probation. For the following reasons, we remand for resentencing, and we otherwise affirm.

*First Assignment of Error.* Defendant challenges the denial of his MJOA as to DUII, arguing that the evidence was not legally sufficient to support conviction under either a *per se* theory or an impairment theory of DUII. Viewing the evidence in the light most favorable to the state, *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019), we conclude that the state presented legally sufficient evidence.

ORS 813.010 provides, in relevant part, "A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person *** [h]as 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath ***," or "[i]s under the influence of intoxicating liquor[.]"

Here, defendant provided a breath sample indicating a blood alcohol content (BAC) of 0.08 approximately 90 minutes after police made contact with defendant—a contact that, based on testimony elicited by the state, a reasonable trier of fact could find occurred about eight minutes after defendant had "pulled up" and parked his car. Additionally, defendant acknowledged having earlier consumed at least one alcoholic beverage; his breath had a "moderate" or "strong" odor of alcohol; his eyes appeared "bloodshot, watery, and glassy"; he appeared "unsteady on his feet," with a "front to back sway"; and a trooper determined—based on performing field-sobriety testing and his training and experience—that defendant was impaired to a noticeable and perceptible degree. Taken together, that evidence is sufficient for a rational trier of fact, making reasonable inferences, to find beyond a reasonable doubt the

essential elements of DUII under either a *per se* theory or an impairment theory. *Hedgpeth*, 365 Or at 734-35, 735 n 6 ("[E]vidence that a defendant showed symptoms of impairment at the time he or she was stopped" is "relevant even to prove a *per se* violation of ORS 813.010 because it can be used by the factfinder as the 'something more' that is necessary to connect the breath result to the statutory requirement of a BAC of .08 percent or more at the time of driving." (Brackets and internal quotation marks omitted.)); *State v. Dollman*, 303 Or App 168, 169-70, 463 P3d 607, *rev den*, 366 Or 827 (2020) (concluding that "symptoms of impairment" shortly after driving coupled with a BAC test can "support an inference" as to "BAC at the time of driving"). We therefore conclude that the trial court did not err in denying defendant's MJOA.

*Second Assignment of Error.* Defendant next argues that the trial court erred when it imposed a special condition of probation requiring that defendant "not live in any residence where alcohol is kept," because that condition was not announced in open court. The state concedes that the trial court erred when it imposed that special condition of probation, because it did not impose that condition orally, in open court and in defendant's presence. We agree with and accept the state's concession. *See State v. Hester*, 316 Or App 456, 458, 501 P3d 75 (2021), *rev den*, 370 Or 789 (2023) (accepting state's concession that sentencing court erred by imposing special conditions of probation outside defendant's presence); *State v. Priester*, 325 Or App 574, 584, 530 P3d 118 (2023) ("[W]e will remand for resentencing when a court imposes conditions of probation in a judgment that have not been announced in open court."). Accordingly, we remand for resentencing.[1]

Remanded for resentencing; otherwise affirmed.

---

[1] In his briefing regarding the second assignment of error, defendant also advances a separate argument that the trial court further erred in imposing the challenged condition of probation, because that condition is "impermissibly overbroad." Because we must remand for resentencing, we do not address that argument, which the trial court will have an opportunity to address in the first instance on remand. *See State v. Manning*, 300 Or App 390, 391, 453 P3d 946 (2019), *rev den*, 366 Or 292 (2020) (declining to address contention that trial court plainly erred in imposing sentence, where the trial court would have an opportunity to address that issue in the first instance on remand).