354 January 8, 2025 No. 28

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOGAN BRYCE SCOTT CARLTON,
*Defendant-Appellant.*

Yamhill County Circuit Court
22CR41397; A181236

Ladd J. Wiles, Judge.

Submitted November 20, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Defendant was convicted of third-degree rape, ORS 163.355, third-degree sodomy, ORS 163.385, and third-degree sexual abuse, ORS 163.415. On appeal, in two alternative assignments of error, he argues that the trial court erred in failing to merge the sexual abuse verdict into either the rape verdict or the sodomy verdict. The state defends the merger ruling as correct under existing law. As explained below, we affirm.

Defendant was found guilty of third-degree rape for having vaginal intercourse with a 14-year-old girl. He was found guilty of third-degree sodomy for having oral intercourse with the same girl during the same incident. He was found guilty of sexual abuse based on one of those same acts of intercourse.[1] At sentencing, the trial court imposed concurrent sentences on all three counts, stating that, although separate convictions were appropriate (an implicit reference to merger law), consecutive sentences were not. The court noted in that context that the sexual abuse verdict did not merge with the other verdicts because the sexual purpose required for sexual abuse is not an element of rape or sodomy. On appeal, defendant argues for the first time that the trial court erred in failing to merge the sexual abuse verdict into one of the other verdicts.

We begin with the issue of preservation. Defendant did not ask the trial court to merge the sexual abuse verdict with one of the other verdicts, nor did he object when the court announced its intention to enter separate convictions. Defendant argues that we should nonetheless treat his claim of error as preserved, because "the purposes of preservation were met" when the court made a record of its thinking about merger. We are unpersuaded. "[T]he primary purposes of the preservation rule are to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record."

---

[1] Given how the sexual abuse charge was pleaded in the indictment, the parties' arguments to the court, and the court's explanation of its verdict, it is impossible to tell whether defendant was found guilty of sexual abuse based on the vaginal intercourse or the oral intercourse, but it is undisputed that it was one or the other.

*State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015). Those purposes were not served by the trial court's passing reference to merger principles in the context of explaining its decision to impose concurrent sentences. There was no opportunity for the court to consider, or for the state to respond to, the arguments in favor of merger that defendant raises for the first time on appeal.

Because the claim of error is unpreserved, we are limited to plain-error review, which defendant has contingently requested in the event that we disagree with him on preservation. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (allowing discretionary review of "plain" errors). An error is "plain" when it is an error of law, is obvious and not reasonably in dispute, and is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether to correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

The trial court did not plainly err in failing to merge the sexual abuse verdict into one of the other verdicts. "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." ORS 161.067(1). In deciding merger, "we look only to the statutory elements and not to the facts of a particular case." *State v. Noe*, 242 Or App 530, 532, 256 P3d 166 (2011); *see also State v. Alvarez*, 240 Or App 167, 172, 246 P3d 26 (2010), *rev den*, 350 Or 408 (2011) (in deciding merger, "once we rely on the indictment to determine which of the alternative forms of the crime are at issue, we disregard particular facts alleged in the indictment or proved at trial").

Defendant was found guilty of three crimes: third-degree rape, third-degree sodomy, and third-degree sexual abuse. The elements of third-degree rape are (1) sexual intercourse (2) with a person under 16 years of age. ORS 163.355. The elements of third-degree sodomy are (1) oral or anal sexual intercourse (2) with a person under 16 years of

age. ORS 163.385. As charged in this case, the elements of third-degree sexual abuse are (1) sexual contact, *i.e.*, "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party," (2) with a person who is incapable of consent by reason of being under 18 years of age. ORS 163.415 (third-degree sexual abuse); ORS 163.305(5) (quoted definition of "sexual contact").

In *State v. Spring*, 172 Or App 508, 514, 21 P3d 657, *rev den*, 332 Or 559 (2001), we held that verdicts for third-degree sexual abuse and third-degree rape do not merge, because each offense requires proof of an element that the other does not. Third-degree sexual abuse requires sexual contact, including a sexual purpose, which third-degree rape does not require; and third-degree rape requires sexual intercourse, which third-degree sexual abuse does not require. *Id.* Relying on *Spring*'s reasoning, we held in *State v. Moore*, 185 Or App 229, 230, 58 P3d 847 (2002), that first-degree sexual abuse is not a lesser included offense of first-degree sodomy—which also means that verdicts for those offenses do not merge. *Id.* (observing that the analyses for lesser included offenses and for merger are the same). In *State v. Burgert*, 292 Or App 202, 203, 423 P3d 169, *rev den*, 363 Or 744 (2018), we declined to overrule *Moore* as plainly wrong.

Given that line of case law, defendant seeks to distinguish or otherwise avoid *Spring*. He first argues that *Spring*'s holding is limited to cases where the defendant engaged in sexual contact separate from the sexual intercourse itself (such as the touching of the victim's breast in *Spring*). But defendant cites no authority for that proposition, and it is inconsistent with the express language of the anti-merger statute. Under ORS 161.067(1), "[w]hen *the same conduct* or criminal episode violates *two or more statutory provisions* and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." (Emphases added.) *See State v. Nelson*, 282 Or App 427, 440, 386 P3d 73 (2016) (construing "the same conduct or criminal

episode" in ORS 161.067(1) to mean the same conduct, the same criminal episode, or both).

Defendant next argues that "more recent cases have called the rationale in *Spring* into question." Although he acknowledges that we have followed *Spring* in a number of other cases,[2] defendant points to *State v. Ledford*, 252 Or App 572, 287 P3d 1278 (2012), *rev den*, 353 Or 209 (2013), *abrogated on other grounds by State v. Gray*, 261 Or App 121, 322 P3d 1094 (2014), as reaching an inconsistent result, and he argues that, in *State v. Case*, 328 Or App 485, 538 P3d 902 (2023), *rev den*, 372 Or 107 (2024), we "recently held that touching a child's genitals *alone* satisfies the sexual purpose element of sexual abuse." (Emphasis in opening brief.)

We disagree that *Ledford* is inconsistent with the *Spring* line of cases. We held in *Ledford* that it was plain error not to merge guilty verdicts on first-degree rape and second-degree sexual abuse. *Ledford*, 252 Or App at 573. Our per curiam opinion contains minimal discussion of our reasoning, likely because the error was conceded. *See id.* However, upon consideration, there is a ready explanation for the holding.

Unlike first- and third-degree sexual abuse, second-degree sexual abuse does not necessarily require a sexual purpose. It can be committed by "subject[ing] another person to sexual intercourse, oral or anal sexual intercourse or, except as provided in ORS 163.412, penetration of the vagina, anus or penis with any object other than the penis or mouth of the actor" without consent. ORS 163.425(1)(a). We omitted to mention in *Ledford* which subsection the defendant was charged under. *See State v. Breshears*, 281 Or App 552, 558, 383 P3d 345 (2016) (for merger purposes, "when a statute provides, as ORS 163.425(1) does, for alternative means of committing a crime, we look to the indictment to see what *form* of the crime is alleged" (emphasis in original)).

---

[2] *See State v. Raygosa*, 320 Or App 77, 81, 512 P3d 824, *rev den*, 370 Or 455 (2022) (first-degree sexual abuse is not a lesser included offense of first-degree rape); *State v. Marks*, 319 Or App 641, 644-45, 510 P3d 914 (2022) (attempted second-degree rape and first-degree sexual abuse do not merge); *State v. Gerig*, 297 Or App 884, 885-86, 444 P3d 1145 (2019), *rev'd in part on other grounds*, 368 Or 513, 493 P3d 521 (2021) (first-degree rape and first-degree sexual abuse do not merge).

However, given the holding, it is reasonable to presume that he was charged with forms of second-degree sexual abuse and first-degree rape that properly merge. *See, e.g.*, *State v. Harrington*, 337 Or App 352-53, ___, ___ P3d ___ (Jan 8, 2025) (holding that guilty verdicts for first-degree rape and second-degree sexual abuse should have merged, where the charged form of first-degree rape was sexual intercourse by forcible compulsion, ORS 163.375(1)(a), and the charged form of second-degree sexual abuse was sexual intercourse without consent, ORS 163.425(1)(a)). That resolves the *Ledford* issue.

As for *Case*, it involved a conviction for first-degree sexual abuse, based on the defendant having digitally penetrated the anus of a three-year-old child. 328 Or App at 487; *see* ORS 163.427(1)(a)(A) (making it first-degree sexual abuse when a person "[s]ubjects another person to sexual contact and *** [t]he victim is less than 14 years of age"). The defendant argued, among other things, that the trial court erred in denying his motion for a judgment of acquittal (MJOA), because the evidence was legally insufficient to prove that he "acted with a sexual purpose when he inserted his finger into [the child's] anus." *Case*, 328 Or App at 500. We rejected that argument, explaining that, viewing the evidence in the light most favorable to the state, it was reasonable to infer a sexual purpose "from the sexual nature of the contact itself[.]" *Id*.

In defendant's view, if it is reasonable to infer a sexual purpose from the very act of touching a sexual or intimate part, then the element of first- and third-degree sexual abuse that purportedly distinguishes them from rape or sodomy—a sexual purpose for the contact—is essentially illusory and should not be the basis for anti-merger.

We disagree that *Case* supports that reasoning. The holding in *Case* was specific to the facts of that case, because we were reviewing an MJOA ruling. Unlike a merger ruling, which depends solely on statutory elements, an MJOA is decided on the evidence. *See State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) (when reviewing the denial of an MJOA, we view the evidence "in the light most favorable to the state" and "determine

whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt"); *State v. Simmons*, 321 Or App 478, 483, 516 P3d 1203 (2022), *rev den*, 370 Or 740 (2023) ("[W]hether circumstantial evidence is sufficient to support a given inference is a question of law."). We did not hold in *Case* that it is *always* reasonable to infer a sexual purpose from the touching of a sexual or intimate part, but instead that it was reasonable to do so in that case, viewing the evidence in that case in the light most favorable to the state.

*Case* therefore does not support the proposition that third-degree sexual abuse does not actually require any more of a sexual purpose than that inherent in rape or sodomy, such that they should merge. Notably, that was the law before *Spring*. It had been the law under *State v. Dilts*, 28 Or App 393, 559 P2d 1326 (1977), that sexual abuse was a lesser included offense of rape because "sexual contact is implicit in" rape. *Dilts*, 28 Or App at 396 (reasoning that the sexual-purpose requirement was included for sexual abuse only "so that an inadvertent touching would not constitute a crime" and that the statutory "definition of sexual contact *** obviously includes the advertent touching involved in a rape or sodomy"). We concluded in *Spring*, however, that *Dilts* was no longer good law in light of the 1987 enactment of ORS 161.067, the current anti-merger statute. *Spring*, 172 Or App at 511.

Of course, it is possible that, in enacting ORS 161.067, the legislature may not have considered how it would apply to the crime of sexual abuse in particular. First- and third-degree sexual abuse address a type of contact that can be sexual or nonsexual (basically any touching of another person's sexual or intimate parts), necessitating a sexual-purpose limitation on criminal liability, whereas all degrees of rape, all degrees of sodomy, and the primary form of second-degree sexual abuse require sexual intercourse (vaginal, anal, or oral), which is inherently a sexual act. The legislature may not have foreseen that, due to how sexual abuse is defined, some defendants will be better off having committed second-degree sexual abuse (by having sexual

intercourse without consent) than the less serious crime of third-degree sexual abuse (which covers any unconsented sexual contact) once merger principles are applied. If that was unintended, then the legislature is free to amend the statutes to modify how sexual crimes merge. Our only role is to apply the anti-merger statute, ORS 161.067(1), as it is written, which is what we have done here.

The trial court did not err in failing to merge the sexual abuse verdict into either the rape or sodomy verdict. The judgment is affirmed.

Affirmed.