776 May 29, 2025 No. 472

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARLOS REYES BERNAL, JR.,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR53684; A181671

George William Ambrosini, Judge.

Submitted March 6, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Senior Deputy Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

This case arises from an incident in November 2022. Defendant, who had outstanding warrants for his arrest, tried to evade police capture. In the process, he shot at three police officers while fleeing on foot, shot at a bystander, broke into a house in which an eight-year-old child and her mother and grandmother were present, threatened those individuals with a gun, held the child and grandmother hostage (the mother escaped), eventually shot the grandmother in the stomach, forced the child to hide under a bed with him, and then shot at three more police officers as they tried to enter the house. Defendant eventually ran out of bullets and surrendered.

As a result of that incident, defendant was indicted on 30 counts and, pursuant to a plea agreement, was convicted of seven counts of attempted first-degree murder with a firearm, one count of attempted second-degree murder with a firearm, one count of first-degree kidnapping with a firearm, and one count of unlawful use of a weapon with a firearm, with each count of conviction having a different victim. The trial court imposed a combination of concurrent and consecutive sentences—seven consecutive 90-month sentences, two concurrent 90-month sentences, and a concurrent 24-month sentence—resulting in a total prison sentence of 630 months.

On appeal, in his sole assignment of error, defendant contends that his 630-month aggregate sentence is unconstitutionally disproportionate in violation of Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution. *See* Or Const, Art I, § 16 ("Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."); US Const, Amend VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Defendant, who was 49 years old at sentencing, argues that "[a] sentence imposed on a person for a nonhomicide offense that ensures the person will never be released from prison is not based on reformation and is, by its nature, vindictive and, therefore, disproportionate." He further argues that, although he has a

lengthy criminal history, he has demonstrated capacity for reform, in that he was "out of custody without incident" for "several years" before this incident and lectured students on the dangers of drugs and criminal activity. Defendant also points out that only one victim was physically injured—all of his shots missed, except when he shot the grandmother in the stomach—and that the crimes were impulsive rather than premeditated. Finally, he makes a vertical proportionality argument relating to attempted and completed first-degree murder.

"We review for legal error the trial court's conclusion that defendant's sentence was constitutional under Article I, section 16." *State v. Ryan*, 361 Or 602, 614-15, 396 P3d 867 (2017). We do the same under the Eighth Amendment. *See State v. Hurtado*, 335 Or App 560, 572, 558 P3d 1267 (2024), *rev den*, 373 Or 305 (2025) (using same standard of review for state and federal disproportionality claims).

We first address preservation. Defendant did not object to his sentence as unconstitutionally disproportionate, but he argues that the purposes of preservation were served when the trial court indicated, *sua sponte*, that it had considered constitutional proportionality after deciding the sentence.[1] The state counters that the claim of error is unpreserved and should be rejected on that basis. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal.").

We agree with the state that the claim of error is unpreserved. The court's own *sua sponte* comments on why it viewed the sentence as proportionate were not a substitute for

---

[1] Specifically, the court stated during sentencing:

"Although not directly addressed previous to this point, I did endeavor, once I settled on the sentence that the court was [going to] impose, to review the sentence. And I do believe that this sentence is not disproportionate or cruel and unusual under the facts as applied to the Defendant that would be a violation of Article 1, Section 16, of the Oregon Constitution and the Federal Constitution, Eighth Amendment, under the facts of this case. I do not believe it's disproportionate or cruel and unusual.

"The gravity of harm and threat to public safety are extreme in this case. And the number of victims involved is aggravated. In terms of the range of experience for public safety, this case is an extreme. Upon review, the Court finds this case is not disproportionate and is consistent with protecting public safety and necessary for community safety."

defendant alerting the court to a contrary view and making arguments that the state and the trial court could address. None of the disproportionality arguments that defendant now makes on appeal are ones that the court appears to have considered in making its *sua sponte* remarks. This is not a case where the purposes of preservation were served. *Compare State v. Roberts*, 291 Or App 124, 129-30, 418 P3d 41 (2018) (the purposes of preservation were served where "the trial court raised the equivocal invocation issue *sua sponte*, and *** the issue was extensively discussed, briefed, and ruled on"); *and State v. Smith*, 252 Or App 707, 721, 288 P3d 974 (2012), *rev den*, 353 Or 429 (2013) (the purposes of preservation were served where "the trial court raised the [knowledge] issue *sua sponte*—in effect recharacterizing the issue and defendant's argument in order to address the theft by receiving charge more specifically—and the state responded at length before the trial court specifically ruled on that issue" (emphasis omitted)); *with State v. Carlton*, 337 Or App 354, 355-56, 563 P3d 407 (2025) (the purposes of preservation were not served where the trial court *sua sponte* commented on merger, but "[t]here was no opportunity for the court to consider, or for the state to respond to, the arguments in favor of merger that defendant raises for the first time on appeal").

As for plain-error review, which is available on a discretionary basis under ORAP 5.45(1), defendant has not requested it, and "we normally will not exercise that discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments." *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024). In any event, any error is not plain, because it is far from obvious that an aggregate sentence can be challenged under either Article I, section 16, or the Eighth Amendment.[2] *State v. License*, 340 Or App 716, 720-23, ___ P3d ___ (2025) (addressing that issue under both Article I, section 16, and the Eighth Amendment).

Affirmed.

---

[2] "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).