150 June 4, 2025 No. 511

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOMINIC LOUIS DIBARTOLOMEO,
*Defendant-Appellant.*

Coos County Circuit Court
22CR11616; A183531

Andrew E. Combs, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010, and driving while suspended, ORS 811.182. He assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA) as to the DUII offense, arguing that there was insufficient evidence that he was impaired at the time of driving. Defendant also assigns error as to the imposition of per diem fees and the fine for his third DUII conviction pursuant to ORS 813.010(6)(d). We reverse the imposition of per diem fees and remand for resentencing; and otherwise affirm.

"We review the denial of an MJOA for whether a rational factfinder could find, after viewing the evidence in the light most favorable to the state and making reasonable inferences and credibility choices, that the state proved every element of the offense beyond a reasonable doubt." *State v. Davis*, 261 Or App 38, 39, 323 P3d 276 (2014). Defendant was rear-ended and standing next to his car when an officer arrived at the scene. He informed that officer that he had been drinking—specifically that he had consumed seven shots within eight hours—and that he was driving from Bandon towards Coquille. The officer observed that defendant's speech was slurred, and he smelled of alcohol. Defendant's performance on field sobriety tests was consistent with intoxication and his blood alcohol content (BAC) tested at .08 two hours after the accident.

Defendant contends that the record lacks evidence as to precisely when he was driving, and therefore a juror would have to speculate to conclude that he was intoxicated while driving. Given that defendant was standing by his vehicle as the officer responded to the scene of an accident he was in, a rational factfinder could infer defendant had recently been driving. And, at that time, defendant acknowledged both drinking and driving and was showing symptoms of impairment. Based on that evidence, a jury could reasonably conclude that defendant had been driving while intoxicated. *See State v. Dollman*, 303 Or App 168, 169-70, 463 P3d 607, *rev den*, 366 Or 827 (2020) (concluding that "symptoms of impairment" shortly after driving coupled

with a later BAC test can "support an inference of BAC at the time of driving").

In his second assignment of error, defendant contends, and the state concedes that the trial court plainly erred by ordering defendant to pay per diem fees for the first time in the written judgment. In light of *State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den*, 372 Or 720 (2024), we agree that the trial court plainly erred and remand for resentencing.

In his third assignment of error, defendant contends that the trial court plainly erred by imposing a $2,000 fine for defendant's third DUII under the mistaken belief that such a fine was mandatory. *See* ORS 813.010(6)(d) (authorizing the imposition of a fine of at least $2,000 for a person's third or subsequent DUII conviction). Because it is not obvious on the record that the trial court believed that the fee was mandatory, we decline to reverse on that basis. *See State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024) (plain error must be "apparent on the record, meaning that the appellate court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable" (internal quotation marks omitted)). At resentencing, defendant is free to confirm with the trial court that a fine pursuant to ORS 813.010(6)(d) is not mandatory when a term of imprisonment is also imposed. *See State v. Carter*, 307 Or App 270, 271, 475 Pd 127 (2020) (so stating).

Remanded for resentencing; otherwise affirmed.