720 November 13, 2025 No. 969

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CAYDEN ALEXANDER DAVIDSON,
*Defendant-Appellant.*

Linn County Circuit Court
22CR42330; A182472

Keith B. Stein, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for first-degree sexual abuse, first-degree rape, and first-degree sodomy resulting from his plea of no contest. On appeal, he raises five assignments of error challenging the denial of his motion to withdraw his no contest plea, the proportionality of his sentences, and the imposition of $200 fines for each felony. We affirm.

*Denial of motion to withdraw no contest plea.* Defendant moved to withdraw his no contest plea after he claimed that new information came to light that, in his view, suggested that there could be an alternate suspect. The trial court denied that motion, and defendant assigns error to that denial. The state argues, and defendant acknowledges, that defendant's claim of error is unreviewable under ORS 138.105(5), which provides that appellate courts have "no authority to review *** a conviction based on the defendant's plea of guilty or no contest" except in certain circumstances that are not present in this case.[1] *See State v. Colgrove*, 370 Or 474, 500, 521 P3d 456 (2022) (concluding that ORS 138.105(5) "precludes a defendant who pleads guilty or no contest from obtaining appellate review of legal challenges to the 'conviction,'" where a conviction "encompasses intermediate trial court rulings that led to the entry of the judgment"). Defendant argues, however, that ORS 138.105(5) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

We are not persuaded that ORS 138.105(5) violates the Due Process Clause. We are unaware of any authority, and defendant has not cited any, that holds that a state

---

[1] ORS 138.105 provides, in relevant part:

"(5) The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest, except that:

"(a) The appellate court has authority to review the trial court's adverse determination of a pretrial motion reserved in a conditional plea of guilty or no contest under ORS 135.335.

"(b) The appellate court has authority to review whether the trial court erred by not merging determinations of guilt of two or more offenses, unless the entry of separate convictions results from an agreement between the state and the defendant."

statute violates due process if it limits appellate review in cases where a defendant had pleaded no-contest. Although defendant contends that ORS 138.105(5) runs afoul of due process because it abolishes a "traditional practice" of allowing direct appellate review of a no contest plea, the cases he cites do not support his argument. For instance, defendant cites *Class v. United States*, 583 US 174, 178, 138 S Ct 798, 200 L Ed 2d 37 (2018), but that case did not involve a statutory scheme like ORS 138.105(5) that limited appellate review in cases involving guilty or no contest pleas; rather, the issue in *Class* was whether the defendant's guilty plea precluded him from challenging the constitutionality of the statute under which he was charged. The Court held that, absent any evidence that the guilty plea was intended to bar such an appeal, "a guilty plea by itself does not bar that appeal." *Id.* at 176. As the state observes, the Court did not suggest that all defendants who plead guilty have a due process right to bring such an appeal, nor did it hold that due process principles would preclude a state legislature from limiting the issues that may be reviewed on appeal when a defendant pleads guilty or no contest.

Defendant's reliance on *Honda Motor Co. v. Oberg*, 512 US 415, 114 S Ct 2331, 129 L Ed 2d 336 (1994), is similarly unavailing. *Honda* held that a state-law provision violated due process principles because it "completely deprived a party subject to punitive damages *any judicial review of*" punitive damages awarded by a jury. *See State v. Redick*, 312 Or App 260, 261, 491 P3d 87 (2021), *rev den*, 370 Or 790 (2023) (describing *Honda*, 512 US at 432) (emphasis added). In contrast, nothing in ORS 138.105(5) completely deprived defendant of all judicial review; rather, based on defendant's affirmative choice to plead no-contest, the statute limited the review available to that described in the statute's exceptions, which do not apply here.

*Proportionality challenge to sentence.* In his second, third, and fourth claims of error, defendant argues that his sentences are disproportionate under the state and federal constitutions, both individually and in the aggregate. For his conviction for first-degree sexual abuse, the trial court sentenced defendant to 75 months in prison. For his convictions

for first-degree rape and first-degree sodomy, defendant received a 100-month sentence for each conviction. The trial court imposed all of the sentences consecutively for a total of 275 months in prison.

We conclude that defendant's claims of error are unpreserved. At the sentencing hearing, defendant urged the court to impose his sentences concurrently. He told the court that he was not asking it to depart from Measure 11 sentences, to which the court responded, "[a]re you not asking for a *Buck/Rodriguez* analysis?" Defendant reiterated that he was asking the court to run his sentences concurrently; he did not make any argument that the proposed sentences would be unconstitutionally disproportionate. In imposing the sentences, the court noted that defendant "didn't ask [it] to engage in a *Buck/Rodriguez* analysis. [It] would have found, for the record, that there isn't a * * * constitutional basis for not imposing a Measure 11 sentence in this case." The court then ordered the sentences to run consecutively, observing that defendant lacked contrition towards the victims and the harm done to them.

Defendant contends that he preserved his claim that the sentences were unconstitutionally disproportionate. We disagree. Defendant never argued that the court should engage in an analysis under *State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009), which involves a three-part inquiry for determining whether a sentence is unconstitutionally disproportionate. The trial court expressly noted as much. While the court stated that, for the record, it would have found that there was no constitutional basis for not imposing a Measure 11 sentence, at no point did defendant make arguments for the contrary view that the state and the trial court could address. Thus, the purposes of preservation were not served in this case. *Compare State v. Roberts*, 291 Or App 124, 129-30, 418 P3d 41 (2018) (the purposes of preservation were served where "the trial court raised the equivocal invocation issue *sua sponte*, and * * * the issue was extensively discussed, briefed, and ruled on"), *and State v. Smith*, 252 Or App 707, 712, 288 P3d 974 (2012), *rev den*, 353 Or 429 (2013) (the purposes of preservation were served where "the trial court raised the [knowledge] issue *sua*

*sponte*—in effect recharacterizing the issue and defendant's argument in order to address the theft by receiving charge more specifically—and the state responded at length before the trial court specifically ruled on that issue" (emphasis omitted)), *with State v. Carlton*, 337 Or App 354, 355-56, 563 P3d 407 (2025) (the purposes of preservation were not served where the trial court *sua sponte* commented on merger, but "[t]here was no opportunity for the court to consider, or for the state to respond to, the arguments in favor of merger that defendant raises for the first time on appeal").

*Imposition of fine.* In his fifth assignment of error, defendant contends that the trial court erred in imposing a $200 fine on each felony conviction. *See* ORS 137.286(2) (the minimum fine for a felony is $200). Defendant did not object to those fines at the sentencing hearing, but on appeal he contends that the trial court plainly erred in imposing those fines because the record did not contain information about his ability to pay. *See* ORS 161.645 (requiring consideration of ability to pay fines). Defendant's claim of error is not reviewable as plain error because any error is not apparent on the record. *See State v. Shepherd*, 302 Or App 118, 120, 459 P3d 957, *rev den*, 366 Or 552 (2020) (an unpreserved claim that a trial court erred in imposing a fine when the record contained no evidence about the defendant's financial resources was not susceptible to plain-error review because any error was not apparent on the record); *see also State v. Wheeler*, 268 Or App 729, 732-33, 344 P3d 57 (2015) (error was not apparent on the record because the statute requires only that the court *consider* the defendant's financial resources in deciding whether to include a fine, and the record did not reflect whether the court failed to do that).

Affirmed.